# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

JAY RHODES,

    Defendant.

Case No. 18-2442-JAR-TJJ

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 8). Plaintiff, proceeding pro se, filed this action alleging civil rights violations against Jay Rhodes, Captain of the Federal Bureau of Prisons. Plaintiff now requests that the Court appoint counsel to represent her in this case. For the reasons discussed below, the Court denies the motion.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[1] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a

---

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 § 1915(e)(1).).

variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[4]

After reviewing the Complaint, Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, and the above factors, the Court finds that Plaintiff's request to appoint counsel should be denied. In reaching this decision, the Court places substantial emphasis on the third, fourth, and fifth factors under § 1915(e)(1). The Complaint does not suggest that this case involves complicated legal or factual issues. The facts relating to Plaintiff's civil rights violations claims are straightforward and uncomplicated and focus on allegations of Defendant's refusal to offer Plaintiff reasonable accommodations while visiting her son in prison based on Plaintiff's medical conditions. With sufficient preparation, Plaintiff should be able to adequately represent herself in this case.

Additionally, Plaintiff has filed a motion for default judgment (ECF No. 9) and a motion for a temporary restraining order and preliminary injunction (ECF No. 11), both of which are still pending before the District Judge. She has also filed a reply in support of her motion for default judgment (ECF No. 12). It appears Plaintiff has a grasp of the rules and procedures of this Court and is proceeding adequately without legal assistance.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 8) is denied.

**IT IS SO ORDERED.**

---

[4] *Brewer*, 2008 WL at *5–6.

Dated December 3, 2018, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge