# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS CAPTAIN JAY RHODES,

    Defendant.

Case No. 18-2442-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff filed this action pro se on August 22, 2018, alleging claims against Captain Jay Rhodes, a Federal Bureau of Prisons employee, in his individual capacity. Magistrate Judge Teresa James granted Plaintiff leave to proceed in forma pauperis, instructing as follows:

> Plaintiff shall provide complete address information for Defendant. Plaintiff shall provide this information to the Clerk's office in writing no later than September 21, 2018. After Plaintiff provides an address for Defendant, the Clerk shall issue summons to the US Marshal or Deputy Marshal, who are appointed pursuant to Fed.R.Civ.P. 4(c)(3).[1]

Plaintiff provided notice of Defendant's address at the United States Penitentiary in Louisburg, Pennsylvania. The United States Marshal Service ("USMS") served Defendant at the address provided by Plaintiff on September 24, 2018. Having received no answer within twenty-one days,[2] Plaintiff filed a Motion for Default Judgment (Doc. 9).

Because Plaintiff sues Captain Rhodes in his individual capacity, Fed. R. Civ. P. 4(i)(3) governs service: "To serve a United States officer or employee sued in an individual capacity for

---

[1] Doc. 4.

[2] *See* Fed. R. Civ. P. 12(d).

an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."  Plaintiff acknowledges in her reply that she did not served the United States, and suggests that she was dependent on the USMS to properly serve the United States.  The USMS was appointed to make service, it is not required to interpret Rule 4 for Plaintiff.  Per Judge James' directive, it was Plaintiff's responsibility to provide the USMS with the proper address for Defendant.  She failed to provide notice of the service requirements for the United States.  Therefore, her motion for default judgment must be denied.

Rule 4(i)(4) requires the Court to allow Plaintiff a reasonable time to cure its failure to serve the United States under Rule 4(i)(3) if the party has served the United States officer or employee.  Therefore, Plaintiff is directed to provide a supplemental notice to the Clerk's office in writing within 30 days, so that the Clerk may issue summons to the United States as required under Rule 4(i)(3).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 9) is **denied**.  Plaintiff is granted additional time to serve the United States in this matter in accordance with Fed. R. Civ. P. 4(i).  Plaintiff is directed to provide a supplemental notice of address to the Clerk's office in writing within 30 days, so that the Clerk may issue summons for the United States to the USMS, which was previously appointed under Rule 4(c)(3).

**IT IS SO ORDERED.**

Dated: December 4, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE