# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS CAPTAIN JAY RHODES,

    Defendant.

Case No. 18-2442-JAR-TJJ

## MEMORANDUM AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Kathy Beddow filed this action pro se, alleging a *Bivens* claim against Captain Jay Rhodes, a Federal Bureau of Prisons ("FBOP") employee, in his individual capacity, seeking relief because she was denied access to the USP Leavenworth visitation area when the chairlift was inoperable in 2016. On November 15, 2018, Plaintiff filed a Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 11) asking this Court to "[stop] FBOP actors, (Defendant's Co-Workers) from continuing to harass and retaliate against Plaintiff's son because he is a witness in her Civil Complaint and assisting her in litigating against the Defendant." Plaintiff also requests the Court "to instruct the United States Attorney's Office, who retain authority over the FBOP to transfer Plaintiff's son to the Federal Prison Camp, Leavenworth Kansas where Plaintiff would be close by this Court and readily available for Plaintiff's trial in this cause." At the time this motion was filed, the United States had not been served in accordance with Fed. R. Civ. P. 4(i), and the Court consequently denied Plaintiff's Motion for Default Judgment.[1] Although it has yet to be served, the United States filed a

---

[1] Doc. 16.

response in opposition to Plaintiff's request for relief out an abundance of caution.[2] For the reasons explained in detail below, Plaintiff's motion is denied.

To obtain a temporary restraining order ("TRO") or preliminary injunction, the moving party must show a clear and unequivocal right to relief.[3] The moving party must establish the following elements to obtain relief:

> (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.[4]

The moving party must meet a heightened standard when requesting one of three types of disfavored injunctions:

> The three types of disfavored injunctions are "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." When a preliminary injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." A district court may not grant a preliminary injunction unless the moving party "make[s] a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."[5]

Plaintiff asks this Court to (1) assert jurisdiction over Bureau of Prison ("BOP") employees in Morgantown, West Virginia, (2) intervene in those employees' decision making, (3) and move her son from FCI Morgantown to USP Leavenworth in Kansas so he can assist her

---

[2] Doc. 18.

[3] *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[4] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[5] *Summum v. Pleasant Grove City*, 483 F.3d 1044, 1048–49 (10th Cir. 2007), *rev'd on other grounds*, 555 U.S. 460 (2009) (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), *aff'd and remanded*, *Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 546 U.S. 418 (2006)).

with this lawsuit. Plaintiff has not made the showing required for the mandatory relief she is requesting.[6]

First, Plaintiff's motion fails because she is seeking relief regarding the conditions of confinement for her son, non-party inmate William Morrison, who is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[7] "[T]he Tenth Circuit has recognized that a federal inmate's challenge to his placement in the federal prison system is a challenge to the conditions of confinement."[8] As Defendant notes, because Inmate Morrison is not a plaintiff in this matter and there is no evidence he has complied with the requirements of the PLRA, claims regarding his conditions of confinement must be dismissed.[9] Likewise, Plaintiff's request for a transfer and restraining order related to her son's work assignments are improper. It is well-settled law that prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment.[10]

Moreover, Plaintiff's motion for TRO and Preliminary Injunction bears no relation to her *Bivens* claim in this lawsuit, where she seeks relief because she was allegedly denied access to the USP Leavenworth visitation area when the chairlift was inoperable in 2016. Instead, Plaintiff

---

[6]*See Schrier v.Univ. of Colo.*, 427 F.3d 1253, 1261 (10th Cir. 2005) (explaining the Tenth Circuit characterizes an injunction as mandatory if the requested relief "affirmatively require[s] the nonmovant to act in a particular way, and as a result . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction.") (internal quotation omitted).

[7]42 U.S.C. § 1997e(a).

[8]*Tashbook v. Fox*, No. CIV-16-37-R, 2016 WL 3676811, at *3 (W.D. Okla. July 7, 2016) (citing *Palma-Salazar v. Davis*, 677 F.3d 1031, 1033 (10th Cir. 2012)).

[9]*See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1237–38 (10th Cir. 2005) (dismissing prisoner's claim for injunctive relief where prisoner failed to allege that he exhausted administrative remedies).

[10]*See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

asks this Court to intervene in the BOP decisions in West Virginia, where Inmate Morrison is incarcerated, to allow him to assist her in prosecuting her claims before this Court. Plaintiff does not make any allegation regarding actions by Defendant Rhodes in her request for injunctive relief. The Tenth Circuit has held that a TRO is properly denied when filed in an ongoing case where the relief requested bears no relation to the issues in that case.[11] Here, the relief requested bears at most a tangential relationship with the conduct asserted in Plaintiff's lawsuit.

Finally, Plaintiff's motion fails because the individuals against whom she seeks injunctive relief are not parties to this lawsuit and thus not subject to this Court's jurisdiction. Plaintiff's claim is solely a *Bivens* claim against Defendant Rhodes in his individual capacity, and none of the FCI Morgantown BOP officials that Plaintiff complains about are parties to the action against Rhodes, which complains about conduct that occurred at USP Leavenworth in 2016.

Although the Court believes the above analysis conclusively disposes of Plaintiff's claims for injunctive relief, there are independent reasons to deny her motion as well. Plaintiff does not make a "strong showing" with regard to the likelihood of success on the merits of her *Bivens* claim against Defendant Rhodes. Plaintiff's claim for injunctive relief appears to be moot, as her son is no longer housed at USP Leavenworth, and Defendant will likely raise a qualified immunity defense to the alleged Fifth and Eighth Amendment violations.[12] Nor does Plaintiff demonstrate any truly irreparable harm beyond being required to proceed in this litigation pro se, without the legal assistance of her son if the Court does not act. It is well

---

[11]*Hicks v. Jones,* 332 F. App'x 505, 508 (10th Cir. 2009).

[12]The Court notes that the parties filed a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) in Plaintiff's similar action against the United States based on the inoperable chairlift, Case No. 17-2659-KHV, Doc. 18.

settled, however, that a party in a civil action has no right to appointment of counsel,[13] and Magistrate Judge James has determined that Plaintiff's Complaint does not suggest that this case involves complicated legal or factual issues and that her civil rights claims are straightforward and uncomplicated.[14]  On the other hand, altering the conditions of confinement for a non-party inmate who is confined in West Virginia would result in harm to the BOP's ability to manage its prison population, as decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system.[15]  Finally, Plaintiff's requested relief is adverse to the public interest as it would permit Inmate Morrison to sidestep the requirement of the PLRA via his mother's lawsuit, to which he is not a party.

For these reasons, the Court must deny Plaintiff's request for injunctive relief.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 11) is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 12, 2018

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[13]*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[14]Doc. 14.

[15]*See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).