# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

JAY RHODES,

    Defendant.

Case No. 18-2442-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se and *in forma pauperis*,[1] filed this action alleging civil rights violations against Jay Rhodes, Captain of the Federal Bureau of Prisons. Plaintiff has filed a motion to reconsider, or in the alternative, a renewed motion for appointment of counsel (ECF No. 21). The Court previously denied Plaintiff's request for appointment of counsel (ECF No. 14). In that order, the Court found Plaintiff's claims were straightforward and uncomplicated, and that Plaintiff showed sufficient understanding of the rules and procedures to adequately represent herself. For the reasons discussed below, the Court denies Plaintiff's motion to reconsider that order.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order denying appointment of counsel. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts,

---

[1] *See* ECF No. 4.

[2] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

or applicable law or if the party produces new evidence that could not have been obtained through the exercises of due diligence.[3] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4] Whether to grant or deny reconsideration lies within the court's sound discretion.[5] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[6]

In her motion for reconsideration, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. She merely restates the reasons she believes she is entitled to counsel given in her original motion for appointment of counsel, such as her lack of education and age. She says she is "physically and mentally unable to proceed in this cause" without counsel or the assistance of her incarcerated son, but she does not provide any further details or explanation.[7] She cites Fed. R. Civ. P. 59(e) in support of her request, stating it applies "because of the newly discovered evidence" after her motion for appointment of counsel was filed.[8] She does not explain what this "newly discovered evidence" is other than the "actions of the defendant and his crony's (sic)."[9] Nothing in Plaintiff's motion changes the Court's findings with respect to whether Plaintiff's claims are straightforward and uncomplicated, and whether Plaintiff has shown sufficient

---

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Id.*

[7] ECF No. 21 at 3.

[8] *Id.* at 4 n. 4.

[9] *Id.*

understanding of the rules and procedures to adequately represent herself at this stage of the proceedings.

Considering Plaintiff's alternative request to renew her motion for appointment of counsel, Plaintiff has failed to present any new evidence or argument from what she originally presented. She incorporates the facts stated in her motion for temporary restraining order (ECF No. 11), and in a letter from her son (ECF No. 13). The Court has denied Plaintiff's motion for temporary restraining order for several reasons, stating again that it is well settled "that a party in a civil action has no right to appointment of counsel."[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider Motion for Appointment of Counsel (Doc. 8), or in the Alternative Motion to Renew Motion for Appointment of Counsel (ECF No. 21) is denied.

**IT IS SO ORDERED.**

Dated March 13, 2019, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge

---

[10] ECF No. 19 at 4–5.