IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

JAY RHODES and J. STREEVAL,

    Defendants.

Case No. 18-2442-JAR-TJJ

# MEMORANDUM AND ORDER

Plaintiff, proceeding pro se and *in forma pauperis*,[1] filed this action alleging civil rights violations against Jay Rhodes, Captain of the Federal Bureau of Prisons, and J. Streeval, Associate Warden. Plaintiff has filed a motion to reconsider the Court's August 13, 2019 Order (ECF No. 55). The Court previously denied Plaintiff's request for an order to allow her incarcerated son to appear at the Scheduling Conference (ECF No. 53). In that order, the Court found Plaintiff did not cite any authority for the Court to enter an order for her incarcerated son to participate in the conference and noted that as a pro se plaintiff, she may not have a non-attorney appear on her behalf. Plaintiff has also filed a motion for the September 26, 2019 Scheduling Conference to be recorded (ECF No. 56). Defendant opposes Plaintiff's motion to reconsider but does not oppose her request to record the Scheduling Conference (ECF No. 57). For the reasons discussed below, the Court denies Plaintiff's motion to reconsider and grants Plaintiff's motion to record the Scheduling Conference.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order denying appointment of counsel. The motion to

---

[1] *See* ECF No. 4.

reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercises of due diligence.[3] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4] Whether to grant or deny reconsideration lies within the court's sound discretion.[5] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[6]

In her motion for reconsideration, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. She says her health has deteriorated and she has been diagnosed with mild cognitive impairment.[7] She says her son is the "only other person that knows the case or remembers the 'FACTS' of what happened" besides Plaintiff.[8] Plaintiff also states it "wasn't an issue at the first teleconference when Plaintiff's daughter appeared telephonically with Plaintiff."[9]

Although Plaintiff's daughter did appear with Plaintiff for the May 31, 2019 hearing, this was not the result of a court order. Plaintiff did not request, and the Court did not grant,

---

[2] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Id.*

[7] ECF No. 55 at 2.

[8] *Id.*

[9] *Id.*

permission for Plaintiff's daughter to appear in advance of that hearing. Rather, Plaintiff requested during the conference that her daughter, who was present with her, also be able to listen to the conference. With no objection from Defendant, the Court granted Plaintiff's request. This is different than asking the Court to order a federal prison to allow her incarcerated son to appear telephonically for a hearing in a case to which he is not a party. Plaintiff has still provided no authority for such a request. Although the Court is sympathetic to Plaintiff's health concerns, the documentation Plaintiff provides in support of her request states Plaintiff should not operate a motor vehicle and has "mild problems with short-term memory."[10] It does not indicate Plaintiff is unfit to represent herself in this action and her filings in this case suggest otherwise. Plaintiff also argues her son has "full power of attorney over Plaintiff."[11] But as Defendant notes, this would not allow Plaintiff's son to appear either along with her or on her behalf. Therefore, Plaintiff's motion for reconsideration is denied.

Plaintiff also requests the Scheduling Conference be recorded because of her health conditions. As noted before, Defendant does not oppose this request. The Court grants Plaintiff's request and will record the Scheduling Conference on September 26, 2019. A recording of the conference will be available for 30 days after the conference.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider Magistrate's August 13, 2019 Order (ECF No. 55) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting the Sept. 26, 2019 Teleconference be Recorded (ECF No. 56) is granted.

**IT IS SO ORDERED.**

---

[10] ECF No. 56-1.
[11] ECF No. 55 at 3.

3

Dated August 28, 2019, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge