# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHY V. BEDDOW,

    Plaintiff,

v.

JAY RHODES and J. STREEVAL,

    Defendants.

Case No. 18-2442-JAR-TJJ

## MEMORANDUM AND ORDER

    Plaintiff Kathy V. Beddow, proceeding *pro se*, brings this civil rights action against Federal Bureau of Prisons ("BOP") officials Jay Rhodes and J. Streeval, alleging constitutional claims based on visitation restrictions at the BOP Leavenworth facility where her son is incarcerated. Before the Court are the following motions: (1) Plaintiff's Second Application for Default Judgment Against Defendants (Doc. 63); (2) Plaintiff's Written Objections to Magistrate's Order (Doc. 72); (3) Defendants' Motion for Order Granting Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment as Uncontested (Doc. 73); (4) Plaintiff's Motion for Extension of Time to Reply to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 74); and (5) Plaintiff's Motion to Stay Summary Judgment and Commence Discovery or in the Alternative for Limited Discovery Related to Defendant's Qualified Immunity Defense (Doc. 75).

    Being duly advised, the Court denies Plaintiff's objections to the Magistrate Judge's orders, denies her motion for default judgment, and denies her requests to lift the discovery stay. The Court denies without prejudice Defendants' motion to grant their dispositive motion as unopposed and grants Plaintiff's request for an extension of time to respond. Plaintiff shall

respond to the motion to dismiss or in the alternative for summary judgment no later than December 7, 2019.

**I.     Objections to Magistrate Judge Teresa J. James's September 26, 2019 Order**

On September 26, 2019, Judge James conducted a telephonic scheduling conference at which Plaintiff appeared *pro se* and the Defendants appeared by counsel.  The Court orally ruled on two motions filed by Plaintiff, and memorialized the rulings in a detailed minute entry filed after the hearing.[1]  Judge James also considered and denied Plaintiff's request that a discovery schedule be set in this case, staying discovery pending this Court's ruling on Defendants' pending motion to dismiss or in the alternative for summary judgment.  In her Objections, Plaintiff challenges each of the decisions outlined in Judge James's minute entry.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters such as this minute entry, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2]  Here, Plaintiff argues that all of Judge James's rulings are clearly erroneous.  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[3]  "By contrast, the

---

[1] Doc. 65.

[2] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[3] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3069 (2d ed. 1997)) (quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

'contrary to law' standard permits 'plenary review as to matters of law.'"[4] Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe her pleadings liberally and apply a less stringent standard than that applicable to attorneys.[5]

### A. Motion to Appoint Counsel

Judge James denied Plaintiff's Second Motion Requesting Assistance with Recruiting Counsel.[6] In that motion, Plaintiff submitted that she was recently diagnosed with dementia, making it difficult to prosecute her case. She attached two documents that had not been previously submitted: (1) her own declaration attesting to her efforts to locate counsel and stating that she had "been recently diagnosed with dementia, and further testing is ongoing to determine what stage I am currently in, and the pace of the progression,"[7] and that her doctor had diagnosed her with mild cognitive impairment "and perhaps suggestive of late onset vascular dementia";[8] and (2) an August 5, 2019 unsigned letter from her doctor in support of her declaration. The doctor's letter included a recommendation for a change in living circumstances for safety reasons given her smoking history and "mild problems with short-term memory."[9] It directed Plaintiff to schedule a visit to discuss the letter in more detail.

Judge James explained that this was Plaintiff's third request for appointment of counsel; she therefore construed the motion as an improper second attempt to reconsider her first order denying appointment of counsel, and denied the motion under the standards that apply to

---

[4]*Sprint Comm'cns Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted).

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[6]Doc. 59.

[7]Doc. 59-1 ¶ 5.

[8]*Id.* ¶ 8.

[9]Doc. 59-2.

motions to reconsider.  Specifically, Judge James noted that the doctor's letter—new evidence—was unsigned, and found that Plaintiff's attachments were insufficient to demonstrate that she was mentally incompetent and therefore unable to represent herself in this case.  Judge James further observed that Plaintiff has repeatedly demonstrated her ability to follow the rules and procedures of this Court in prosecuting her case.

Plaintiff objects to Judge James's denial of her third request for appointment of counsel, claiming that Judge James ignored her declaration and that Plaintiff could not submit further documentation about her illness due to time constraints.  Having carefully reviewed Judge James's many orders denying appointment of counsel,[10] this Court overrules and denies Plaintiff's objection.  Judge James carefully considered the applicable factors relevant to whether appointment of counsel is warranted in this case.[11]  There is no clear error in her original determination.

On reconsideration, Plaintiff was required to show that her new evidence supported her request for appointment of counsel.[12]  The Court finds no clear error in Judge James's determination that this new evidence does not require reconsideration of her decision to deny Plaintiff's motion to appoint counsel.  Judge James's original decision emphasized the fact that Plaintiff's case does not involve complicated legal or factual issues, and that with sufficient preparation, Plaintiff can adequately represent herself in this case.  Judge James noted the many motions filed at that point by Plaintiff, which indicated her ability to grasp the rules and

---

[10]Docs. 14, 26, 65.

[11]*See, e.g.*, *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (setting forth the following applicable standards: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

[12]*See Servants of the Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

procedures of this Court without legal assistance. Indeed, Plaintiff's motions and filings have continued since her August 5, 2019 declaration. Under the deferential standard of review that this Court applies to Plaintiff's objection, this Court finds that Judge James's ruling was neither clearly erroneous nor contrary to law. Plaintiff's objection to the denial of her motion to reconsider appointment of counsel is overruled and denied.

### B. Motion to Appoint Guardian Ad Litem

Plaintiff argues that in the absence of appointed counsel, she is entitled to have her son appointed as next friend in this matter, again citing health issues. Under Fed. R. Civ. P. 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The district court should undertake a duty of inquiry as to whether there is a "viable basis to invoke Rule 17," by determining whether there is "verifiable evidence of incompetence."[13] Verifiable evidence of incompetence includes:

> evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or . . . verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.[14]

It was neither clearly erroneous nor contrary to law for Judge James to conclude that the doctor's letter submitted by Plaintiff was insufficient to show that she is legally incompetent. Judge James fully considered this letter in an earlier motion denying Plaintiff's request to allow her incarcerated son to be present during the scheduling conference.[15] She noted that the letter

---

[13]*Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

[14]*Id.* (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)).

[15]Doc. 58.

5

indicated mild problems with short-term memory, but did not indicate that Plaintiff was unable to represent herself in this action. These findings were not clearly erroneous. The letter is not from a mental health professional retained to determine Plaintiff's legal competency. Finally, the Court notes that even if Plaintiff was determined to be legally incompetent and thus entitled to appointment of a next friend, the Court is not required to appoint her son, who is currently incarcerated, to represent her in that capacity. Plaintiff's objection to Judge James's order denying her request for appointment of a guardian ad litem is therefore overruled and denied.

### C. Order Holding Discovery in Abeyance

Finally, Plaintiff objects to Judge James's decision to hold discovery in abeyance pending this Court's ruling on Defendants' pending motion to dismiss or in the alternative for summary judgment. Plaintiff insists that she must conduct discovery in order to respond to Defendants' motion. Judge James disagreed, and found valid Defendants' concerns that written discovery would be unduly burdensome and costly prior to a ruling on their dispositive motion. According to a recent filing by Defendants, Plaintiff thereafter served discovery requests on Defendants in direct contravention of Judge James's ruling.[16]

There are four recognized exceptions to the general practice in this district not to stay discovery while dispositive motions are pending:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[17]

---

[16] Doc. 70.

[17] *Arnold v. City of Olathe*, No. 18-2073-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

Judge James found that Plaintiff's written discovery, the scope of which she could not identify for Judge James at the scheduling conference, would be unduly burdensome and wasteful prior to resolution of the dispositive motion. This Court has reviewed Defendants' dispositive motion and agrees. The case is likely to be finally concluded via that motion, and the facts Plaintiff seeks through discovery would not affect the resolution of that motion—the motion is primarily based on the sufficiency of Plaintiff's factual allegations in the Amended Complaint.[18] Moreover, the dispositive motion raises qualified immunity as a defense. The purpose of qualified immunity is not only "to spare a defendant from unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[19] All of the exceptions to the general practice of not staying discovery after a dispositive motion is filed are present here; thus, Judge James's decision was neither clearly erroneous nor contrary to law. Plaintiff's objection to the decision to stay discovery is overruled and denied.

## II. Motion for Default Judgment

Plaintiff moves for default judgment against both Defendants under Rule 55(b)(2), claiming they have failed to timely respond to her Amended Complaint. Defendants' deadline to answer or otherwise plead was October 7, 2019.[20] On October 7, 2019, Defendants filed their Motion to Dismiss or in the Alternative Motion for Summary Judgment.[21] Under Fed. R. Civ. P. 12(a)(4), serving a motion under Rule 12 alters the deadlines for responsive pleadings, and under Rule 12(b), a motion asserting lack of subject matter jurisdiction or failure to state a claim "must

---

[18] Doc. 37.

[19] *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991).

[20] Doc. 39 ("Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint within 60 days after Defendant J. Streeval is served pursuant to Fed. R. Civ. P. 4(i)."); Doc. 54 (showing Defendant Streeval was served by certified mail on August 7, 2019).

[21] Doc. 66.

be filed before pleading if a responsive pleading is allowed." Thus, Defendants are not in default and Plaintiff's motion for default judgment is denied.

### III. Defendants' Motion to Grant Dispositive Motion as Uncontested, Plaintiff's Request to Stay Summary Judgment and Commence Discovery, and Plaintiff's Request for an Extension of Time to Respond

As the Court previously indicated, Defendants' dispositive motion was filed on October 7, 2019. Plaintiff failed to respond to the motion by the October 28, 2019 deadline prescribed by local rule.[22] On November 4, 2019, Defendants moved for an order granting their motion as unopposed. On November 8, Plaintiff moved for an extension of time to respond, again asking that the Court allow her to conduct discovery in order to respond to the dispositive motion. She also moves for a "stay" of summary judgment in order to commence discovery.

Defendants' motion seeking a default ruling on their dispositive motion is denied.[23] Plaintiff appears to have operated under the mistaken belief that Defendants were either in default, or that she may prevail on her request for appointment of counsel. She has not sought an extension of her response deadline and the Court finds it prudent to rule on that request.

Plaintiff's motion for extension of time is premised on her request for discovery. But Judge James denied Plaintiff's request to proceed with discovery, and this Court has now affirmed that decision. This Court finds that discovery is not necessary to resolve the mostly legal issues raised by Defendants' motion, nor is it necessary in order for this Court to determine whether Plaintiff's factual allegations in the Amended Complaint state a plausible claim for

---

[22]D. Kan. Rule 6.1(d)(2).

[23]To the extent Defendants' motion invokes Rule 56, the standard they cite in Local Rule 7.4 that the failure to respond allows the Court to grant a dispositive motion as uncontested is modified: "It is improper to grant a motion for summary judgment simply because it is unopposed." *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Baltimore Foods, Inc.*, 643 F Supp. 406, 407 (D. Kan. 1986)). Under Fed. R. Civ. P. 56(e)(2), the Court may deem a fact undisputed where the nonmoving party fails to address it. The rule also permits the Court to grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

relief.  Moreover, the law supports a stay of discovery where a defendant raises the defense of qualified immunity, as these Defendants do.  For all of these reasons, the Court finds that discovery is not warranted, and thus cannot be a basis for additional time to respond to the motion.  Because Plaintiff is *pro se* and because her many requests for nondispositive relief are now resolved, the Court will allow Plaintiff an additional period of time to respond to the motion to dismiss or in the alternative for summary judgment.  Plaintiff shall respond by no later than December 7, 2019.  The Court will not entertain any further requests for time based on Plaintiff's asserted need for discovery, and echoes Judge James's October 10, 2019 admonition to Plaintiff that if she disregards the Court's orders again, she may be subject to sanctions.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Second Application for Default Judgment Against Defendants (Doc. 63) is **denied**; Plaintiff's Written Objections to Magistrate's Order (Doc. 72) are **overruled and denied**; (3) Defendants' Motion for Order Granting Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment as Uncontested (Doc. 73) is **denied**; Plaintiff's Motion for Extension of Time to Reply to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 74) is **granted**; and Plaintiff's Motion to Stay Summary Judgment and Commence Discovery or in the Alternative for Limited Discovery Related to Defendant's Qualified Immunity Defense (Doc. 75) is **denied**.  Plaintiff's response deadline to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is extended to **December 7, 2019**.

**IT IS SO ORDERED.**

Dated: November 19, 2019

                                                s/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE